# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

---

HERBERT JOHNSON, SR.,

      Petitioner,

      v.                                                                 Case No. 04-C-795

MICHAEL TURNER[1]
  Warden, Waupun Correctional Institution,

      Respondent.

---

# DECISION AND ORDER

---

On August 20, 2004, petitioner Herbert L. Johnson filed a petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted after a jury trial of five

counts of armed robbery with threat of force, in violation of Wis. Stat. § 943.32(2) and was

sentenced to four consecutive seventeen-year prison terms and a ten-year probation term. The

petitioner challenges the judgment of his conviction which was entered on March 13, 2000,

based on ineffective assistance of post-conviction counsel and ineffective assistance of trial

counsel.

United States District Judge William C. Griesbach conducted a preliminary examination

of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed

September 7, 2004, Judge Griesbach ordered the respondent to answer the petition for a writ

---

[1]The court has amended the caption to substitute Michael Turner, the current warden of the Waupun
Correctional Institution, as the respondent in this action. Pursuant to Fed. R. Civ. P. 25(d)(1), Michael Turner is
automatically substituted for the former warden, Gary R. McCaughtry, as the warden of the Waupun Correctional
Institution.

of habeas corpus. Subsequently, the parties consented to magistrate judge jurisdiction and the case was reassigned to this court. The respondent answered the petition and the parties briefed the petition. The petition is ready for disposition and will be addressed herein.

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

## APPLICABLE LAW

## RELEVANT FACTUAL BACKGROUND

Following a jury trial, the petitioner was convicted of five counts of armed robbery with threat of force, in violation of Wis. Stat. § 943.32(2). The petitioner's postconviction/appellate counsel filed a no-merit report with the Wisconsin Court of Appeals, pursuant to Wis. Stat. § 809.32. The no-merit report considered whether the petitioner's speedy trial rights were violated or were waived by the petitioner's conduct which caused a one-day delay in the commencement of the trial, whether the search of the petitioner's home was conducted in violation of the Fourth Amendment when the petitioner's live-in fiancee consented to the search, whether the evidence presented at trial was sufficient to sustain the petitioner's armed robbery convictions and whether the trial court abused its sentencing discretion.

On May 11, 2001, the court of appeals granted the petitioner's motion for additional time in which to file his response to the no-merit brief, extending the deadline to July 13, 2001. The

- 2 -

order noted that the petitioner had been provided copies of the trial and sentencing transcripts. The petitioner did not file a response.

On April 16, 2002, the Wisconsin Court of Appeals summarily affirmed the petitioner's conviction. After independently reviewing each of the potential appellate issues identified in the no-merit brief and after further reviewing the record to determine whether any other issues of potential merit could be found, the court concluded that there were no issues of arguable merit in the case and that the petitioner's conviction should be affirmed.

In an order dated May 17, 2002, the Wisconsin Supreme Court granted the petitioner additional time in which to petition for review of the court of appeals' decision affirming his conviction. In the order, the court advised the petitioner "that if he wishes to challenge appellate counsel's performance before the court of appeals, he must do so by a petition for habeas relief in that court. See State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540 (1992)." (Answer, Exh. K).

The petitioner filed his pro se petition for review in the Wisconsin Supreme Court on June 13, 2002, raising the following issues: (1) whether trial counsel was ineffective "by not making proper trial preparations, objecting to certain testimony and evidence, and by not filing a motion to suppress the in court and lineup identification as fruit of an unlawful arrest?"; (2) whether the trial court erred in denying a defense oral motion for mistrial "when state witnesses mentioned other crimes in [the] jury['s presence] after being told not to do before trial?"; and (3) whether the trial court was wrong in concluding "that there are no other issues of potential merit?" On September 3, 2002, the Wisconsin Supreme Court denied the petitioner's petition for review.

On April 2003, the petitioner, proceeding pro se, filed a Wis. Stat. § 974.06 motion for postconviction relief in Milwaukee County Circuit Court. The brief filed in support of the

- 3 -

petitioner's motion raised two claims: (1) ineffective assistance of postconviction counsel for failing to bring a postconviction motion in the circuit court raising claims of trial counsel ineffectiveness before and at trial; and (2) ineffective assistance of trial counsel for failing to investigate and interview witnesses and adequately prepare for trial, failing to obtain timely discovery, failing to have perjured testimony stricken from the trial record, failing to file a pretrial motion to suppress identification evidence and evidence seized as result of illegal arrest, withholding information on the petitioner's mental stability and meeting with the judge in chambers without the petitioner.

The Milwaukee County Circuit Court denied the petitioner's motion in a decision and order entered January 17, 2003. The circuit court held that the substantive claims raised were waived by the petitioner because, while they had been discussed in the no-merit report, the petitioner failed to respond to the no-merit report. The court also held that the claims were procedurally barred under State v. Escalona-Naranjo[2] because the petitioner failed to demonstrate a sufficient reason for his failure to asserts the claims in his no-merit direct appeal proceedings.

The petitioner appealed the denial of his Wis. Stat. § 974.06 motion and on January 5, 2004, the court of appeals issued an order affirming the circuit court's denial of his motion. For the first time, the petitioner argued that his failure to file a response to the no-merit report was due to appellate counsel's failure to provide him certain record documents in a timely fashion and the appellate court's failure to give him time to prepare a response. The court of appeals concluded that "neither counsel's actions nor the actions of this court impeded the petitioner's

_____

[2]185 Wis.2d 168 (Wis. 1994).

- 4 -

ability to file a meaningful timely response to counsel's no-merit report." (Answer, Exh. S at 4). Thus, the appeals court agreed with the circuit court's conclusion of law that the petitioner's failure to respond to the no-merit report barred him from raising his ineffective assistance of counsel claims in a subsequent postconviction motion.

The petitioner then filed a petition for review with the Wisconsin Supreme Court, seeking review of the court of appeals' decision. On April 20, 2004, the Wisconsin Supreme Court denied the petition.

## ANALYSIS

The respondent asserts that the Wisconsin Court of Appeals' rejection of the petitioner's ineffective assistance of counsel claims on the basis that they were waived and barred under Escalona-Naranjo is an independent and adequate state procedural ground. Therefore, the respondent asserts that the petitioner procedurally defaulted his claims. The respondent further asserts that because the petitioner cannot show cause and prejudice for his procedural default, his procedural default bars federal habeas corpus review of his claims. Alternatively, the respondent asserts that the Wisconsin Court of Appeals' decision can be read as rejecting the petitioner's ineffective assistance of postconviction/appellate counsel claim on the merits and the decision is not contrary to, or an unreasonable application of, controlling United States Supreme Court precedent. The respondent also asserts that there is no basis for the court to conclude that the petitioner was deprived of the right to the effective assistance of trial counsel.

"If the state court declined to reach the merits of the petitioner's claim because of a procedural default, that default must constitute an independent and adequate state-law ground in order to be a bar to federal habeas relief." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). Whether the ground is independent depends on state law and whether it is adequate

- 5 -

depends on federal law.  Liegakos v. Cooke, 106 F.3d 1381, 1385 (7th Cir. 1997).  A procedural default constitutes an independent state-law ground if "the last state court to consider the question actually relied on procedural default as the basis for its decision."  Braun, 227 F.3d at 912 (citing Willis v. Aiken, 8 F.3d 556, 561 [7th Cir. 1993]).  The state court must have "'clearly and expressly' relied on the procedural default as the basis of its ruling."  Id.  (quoting Harris v. Reed, 489 U.S. 255, 263, 109 S. Ct. 1038 [1989]).

"To be an adequate ground of decision, the state's procedural rule must be both firmly established and regularly followed."  Id. (quotations omitted).  It must be applied in a "consistent and principled way; it cannot be employed infrequently, unexpectedly, or freakishly."  Id. (quotations omitted).  Moreover, "[t]he state rule of practice must have been in place, and enforced, 'by the time as of which it is to be applied.'" Liegakos, 106 F.3d at 1385 (quoting Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850 [1991]).  The disposition of the last state court to issue an opinion determines whether the state has invoked a ground of forfeiture.  Liegakos, 106 F.3d at 1385.

In this case, the last opinion by a Wisconsin state court is the January 5, 2004, decision of the Wisconsin Court of Appeals.  The court affirmed the denial of the petitioner's Wis. Stat. § 974.06 motion, agreeing with the circuit court's conclusion of law that the petitioner's failure to respond to the no-merit report barred him from raising his ineffective assistance of counsel claim in a subsequent postconviction motion.

- 6 -

The Court of Appeals for the Seventh Circuit, in a case with procedural facts almost identical to this case, explained the procedural path that the Wisconsin legislature established for the review of criminal convictions:

> The procedures governing the review of Wisconsin criminal convictions are set forth in §§ 974.02 and 974.06 of the Wisconsin Statutes. After a conviction in a Wisconsin trial court, a defendant's first avenue of relief is a postconviction motion under § 974.02. This motion is filed in the trial court in which the conviction was adjudicated. Arguments concerning sufficiency of the evidence or issues previously raised before the trial court need not be raised in this motion in order to preserve the right of appeal with respect to them. See Wis. Stat. § 974.02(2); State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136, 137 n.3 (Wis. Ct. App. 1996). Any other claim, such as ineffective assistance of counsel, must first be brought in a § 974.02 motion. . .. If an issue is raised in the § 974.02 motion but relief is denied by the trial court, the defendant then may appeal to the Court of Appeals of Wisconsin.
>
> After the times for filing postconviction motions under § 974.02 and for taking the subsequent direct appeal have expired, the defendant has the option of seeking a collateral attack on the judgment under Wis. Stat. § 974.06. Any such collateral challenge follows the same procedural path as the direct appeal. The initial filing is made by motion in the trial court and subsequent appeals, if any, are made in the appellate courts. Motions under § 974.06 are limited to jurisdictional and constitutional issues. Procedural errors are not cognizable. See State v. Carter, 131 Wis. 2d 69, 389 N.W.2d 1, 5 (Wis. 1986). Section 974.06(4) further limits the claims that may be raised collaterally. It provides:
>
>> All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental or amended motion.
>
> Wis. Stat. §974.06(4). The Wisconsin Supreme Court has interpreted §974.06(4) to exclude all issues that were or could have been raised in a § 974.02 postconviction motion or appeal, including constitutional issues, unless the defendant provides "sufficient reason" for not raising the issues in that earlier

- 7 -

proceeding. See Escalona-Naranjo, 185 Wis. 2d 168, 185 Wis. 2d 198, 517 N.W.2d 157, 162 (Wis. 1994).

Page v. Frank, 343 F.3d 901, 905-06 (7th Cir. 2003) (footnotes omitted).

The court in Page further pointed out that, under the above-described procedural scheme, the defendant generally would have been required to raise the claim of ineffective assistance of trial counsel in his initial Wis. Stat. § 974.02 postconviction motion and at later stages of the direct appeal. Id. at 907-08. The court also explained that the defendant's failure to present the argument would constitute a waiver. Id. at 908. Finally, the court pointed out that ineffective assistance of postconviction counsel may constitute a sufficient reason as to why an issue that could have been raised on direct appeal was not, citing State ex rel. Rothering v. McCaughtry, 205 Wis. 2d 675, 556 N.W.2d 136, 139 n.4 (Wis. Ct. App. 1996). Id.

In Page, as in this case, the Wisconsin Court of Appeals concluded that the petitioner's failure to address the issue of ineffective assistance of trial counsel in his response to the Anders no-merit brief constituted a waiver and ought not be excused. The court of appeals for this circuit disagreed with that conclusion:

> First, we do not believe that an even-handed application of Wisconsin law permits such a result. It is clear that Wisconsin law would not have permitted Mr. Page to make such an argument before the Court of Appeals of Wisconsin without its having been raised initially before the trial court.
>
> When Mr. Page's postconviction counsel failed to assert a claim of ineffective assistance of trial counsel in the § 974.02 motion before the trial court, he foreclosed Mr. Page's opportunity to argue such a claim on direct appeal. n.5. Consequently, the appropriate forum for Mr. Page's challenge to the ineffective assistance of postconviction counsel for failure to raise the issue of ineffective assistance of trial counsel was in a collateral motion under § 974.06. Mr. Page properly brought such a motion and argued ineffective assistance of postconviction counsel.

Page, 343 F.3d at 908.

- 8 -

Case 1:04-cv-00795-PJG   Filed 06/11/07   Page 8 of 20   Document 29

The court concluded that "[t]he practical effect of the Court of Appeals of Wisconsin's conclusion – that the failure to identify ineffective assistance of trial counsel as an issue in response to an *Anders* no-merit brief constitutes a waiver – is to require Mr. Page to have asserted a claim before the court of appeals that, under established Wisconsin case law, he could not bring initially in that forum because it had not been brought to the attention of the trial court." Id. at 909. Thus, the court held that the basis relied upon by the Wisconsin court does not apply Wisconsin procedure in a "consistent and principles way" and, therefore, is not adequate to support the court's decision. Id. (quoting Braun, 227 F.3d at 912).

The court of appeals' decision in Page is clearly applicable to the facts of this case. Nevertheless, the respondent asserts that the court's decision in Page "reflects a misunderstanding or misinterpretation of Wisconsin postconviction practice." (Brief in Opposition to Petition for Writ of Habeas Corpus at 17). Nonetheless, regardless of the correctness of the court of appeals understanding and interpretation of Wisconsin postconviction practice, its decision in Page is binding on this court. Therefore, the court finds that the procedural rule relied on by the Wisconsin courts is not adequate to support the court's decision. See Page, 343 F.3d at 909.

Accordingly, the court will address the merits of the petitioner's ineffective assistance of trial and postconviction/appellate counsel claims. The respondent maintains that the Wisconsin Court of Appeals' decision can be read as containing a rejection on the merits of the petitioner's claim of ineffective assistance of postconviction/appellate counsel. Thus, the respondent asserts that the appropriate standard of review of this claim is the now familiar post-ADEPA standard. However, as the court reads the petitioner's petition, his ineffective assistance of postconviction/appellate counsel claim encompasses more than a claim that

- 9 -

postconviction/appellate counsel prevented or impeded the petitioner from raising claims of

ineffectiveness of trial counsel in response to the attorney's no-merit report on the petitioner's

direct appeal.[3]

The petitioner also asserts that postconviction/appellate counsel failed to argue the

ineffectiveness of the petitioner's trial counsel and supplemented the no-merit report with a

statement that the search of the petitioner's house was with consent when, in fact, the petitioner

did not stipulate to consent.  The petitioner points out that postconviction/appellate counsel had

in his possession a memo book of Detective Ronald Linzmeyer which, according to the

petitioner, shows that the search of his home occurred at 7:30 on August 29, 1999, which was

prior to the consent given at 9:35 p.m.  Neither of these issues were adjudicated on their merits

and, therefore, the post-ADEPA standard of review is inapplicable.  Rather, the court will apply

the pre-AEDPA standard of review.

The habeas corpus statute was amended by the Antiterrorism and Effective Death

Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214 (1996) which provides in pertinent

part:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or

---

[3]The court reads the petitioner's petition as stating this claim, although the petitioner states in his reply brief
that he is not asserting such a claim.

- 10 -

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. Lindh v. Murphy, 96 F.3d 856, 870-77 (7th Cir. 1996), rev'd on other grounds, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" Hereford v. McCaughtry, 101 F.Supp.2d 742, 746 (E.D. Wis. 2000) (quoting Sanchez v. Gilmore, 189 F.3d 619, 623 [7th Cir. 1999]).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." Washington v. Smith, 219 F.3d 620, 628 (7th Cir. 2000) (quoting Williams v. Taylor, 120 S. Ct. 1495, 1519 [2000]). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> under the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

Washington, 219 F.3d at 628. The court went on to explain that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" Id. (quoting Williams, 120 S. Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997).

- 11 -

Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." Hall v. Washington, 106 F.3d 742, 748-49 (7th Cir. 1997). In Morgan v. Krenke, the court explained that:

> [u]nreasonableness is judged by an objective standard and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting Williams, 120 S.Ct. at 1522). Therefore, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. Washington, 219 F.3d at 628.

The petitioner asserts neither that the Wisconsin courts' ruling was contrary to, or involved an unreasonable application of, clearly established federal law, nor that the ruling resulted in a decision that was based on an unreasonable determination of the facts. Thus, the petitioner also failed to assert which controlling United States Supreme Court decision was violated by the Wisconsin courts' decision. However, because the petitioner asserts that he was denied his right to effective assistance of postconviction/appellate counsel, Strickland v. Washington, 466 U.S. 668 (1984), is the applicable "clearly established Federal law, as determined by the Supreme Court of the United States." See Washington, 219 F.3d at 627-28.

Pursuant to Strickland, a petitioner "must show that counsel's performance was deficient . . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id.

In this case, the Wisconsin Court of Appeals concluded that the petitioner's appellate counsel was not deficient. Specifically, the court concluded that the petitioner's counsel did not

fail to provide him with certain documents in a timely fashion. In so concluding, the court recited

the following facts:

> Johnson's appellate counsel filed his no-merit report on April 13, 2001. Court records include a copy of counsel's correspondence indicating his transmission of transcripts and the no-merit report to Johnson. On May 9, 2001, Johnson filed a motion acknowledging his receipt of the transcripts and requesting a sixty-day extension of time to file his response. We issued an order granting an extension through July 13, 2001. As the deadline for filing a response approached, Johnson submitted courtesy copies to this court of two letters he addressed to counsel, one dated June 8, 2001, and the other July 9, 2001, requesting certain additional record items.
>
> Some nine months after the expiration of Johnson's deadline to file his response, this court issued an opinion affirming Johnson's judgment of conviction on April 16, 2002. During that nine-month interval, Johnson did not request this court's assistance in acquiring material relevant to the appeal, nor did he request any additional extensions of time for filing a response to the no-merit report.

(Answer, Exh. S at 3).

Thus, the court concluded that the petitioner failed to show that his postconviction/appellate counsel performed deficiently. To show deficient performance, a petitioner must demonstrate that his counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The petitioner does not cite to or allege additional facts which would support a finding that his postconviction/appellate counsel performed deficiently. Even if the court were to assume that the petitioner's appellate/postconviction counsel failed to provide certain record items (this assumption is made solely on the letters the petitioner sent to counsel requesting additional record items), there is nothing in the record to indicate that the petitioner did not eventually receive those items or that his counsel was required to provide them.

Moreover, the petitioner did not seek an extension of time to file his response brief, nor did he inform the Wisconsin Court of Appeals that counsel had failed to provide him with

- 13 -

everything necessary to file a response brief. The petitioner remained silent for the nearly nine months between the expiration of his time to file his response brief and the Wisconsin Court of Appeals decision in the case. Accordingly, the court concludes that the state court's determination that the petitioner's postconviction/appellate counsel did not prevent or impede the petitioner from raising claims of ineffectiveness of trial counsel in response to the attorney's no-merit report on the petitioner's direct appeal is not contrary to, or an unreasonable application of, Supreme Court precedent.

The AEDPA standard applies only to a "claim that was adjudicated on the merits in State court proceedings." See Braun, 227 F.3d at 916 (quoting 28 U.S.C § 2254[d]). In this case, the Wisconsin courts did not reach the merits of the petitioner's ineffective assistance of appellate/postconviction counsel claim that counsel failed to argue the ineffectiveness of the petitioner's trial counsel and supplemented the no-merit report with a statement that the search of the petitioner's house was with consent. The Wisconsin courts also did not reach the merits of the petitioner's ineffective assistance of trial counsel claim. Accordingly, this court does not apply the standard of review set forth in AEDPA, but must rely upon the general standard as set forth in 28 U.S.C. § 2243. See Braun, 227 F.3d at 917. This standard requires the court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243.

The petitioner asserts that he was denied his right to effective assistance of postconviction/appellate counsel and trial counsel. Thus, the court again applies Strickland v. Washington, 466 U.S. 668 (1984). As indicated earlier, pursuant to Strickland, a petitioner "must show that counsel's performance was deficient . . . [and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. The first component requires a petitioner to show that his counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed

- 14 -

the defendant by the Sixth Amendment." Id. Under the second component, a petitioner must show "that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. A petitioner must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. If the court determines that the petitioner has failed to satisfy either component of the Strickland test, it need not address the other. See Chichakly v. United States, 926 F.2d 624, 630-31 (7th Cir. 1991).

The petitioner asserts that his postconviction/appellate counsel provided ineffective assistance of counsel by failing to argue the ineffectiveness of the petitioner's trial counsel and by supplementing the no-merit report with a statement that the search of the petitioner's house was with consent. The petitioner maintains that the memo book of Detective Ronald Linzmeyer shows that the search of the petitioner's house was at 7:30 on August 29, 1999, and the memo book, which was stipulated into the record, shows that consent was given at 9:35 p.m. on August 29, 1999. The petitioner attached some reports to his brief in support of his petition for a writ of habeas corpus.

The copy of Detective Ronald Linzmeyer's memo book states:

```
7:30   F/u Case MGMT 164
       5864 N. 65
                   222845
       Johnson, Herbert Lee
       B/w, 8/29/67
       S/A,
       INV 108529
       Clothing - BB Gun
       SB #386 D. Brown
             17 photos
9:00/a
```

- 15 -

(Brief in Support of Habeas Corpus Petition Under 28 U.S.C. § 2254 at Exh. 1003). This document alone in no way establishes that the search of the plaintiff's residence took place prior to his fiance's consent. The memo book does not indicate that the search took place at 7:30 on August 29, 1999. Rather, it appears that at the end of his shift, Detective Linzmeyer "followed up" on the petitioner's case. Moreover, although postconviction/appellate counsel could have argued that petitioner's trial counsel was ineffective for stipulating that the search was with consent, he could not independently make a Fourth Amendment argument that the search was executed without consent. Furthermore, the petitioner knew, or could have discovered at the time of trial, the time of the search and the time the police received consent to search. Accordingly, the court concludes that the petitioner failed to establish that his postconviction/appellate counsel was ineffective for stipulating that the search of the petitioner's residence was with consent.

As to the petitioner's claim that his postconviction/appellate counsel provided ineffective assistance of counsel by failing to argue the ineffectiveness of petitioner's trial counsel, a resolution of the claim depends on whether trial counsel was ineffective. The petitioner asserts that his trial counsel was ineffective for failing to timely file a discovery request, failing to investigate the search of his home, failing to subpoena arresting officers, failing to object to witnesses' testimony or have testimony stricken from the record when witnesses mentioned charges that were not charged. He also states that trial counsel was ineffective for failing to inform the petitioner of his mental status.

The petitioner states that his trial counsel filed for and, by implication, received discovery prior to the start of the trial. The petitioner fails to explain how filing for discovery "35 days before trial began" was deficient performance when counsel apparently received the discovery

- 16 -

prior to trial. (Petitioner's Brief at 14). With respect to the search of his home, the petitioner asserts that he informed his counsel that the search was not with consent. Specifically, the petitioner asserts "I, Johnson, informed Mr. Rogers that the search was not with consent, where as I was arrested at my home inside the kitchen area, while Detective Mueller escorted me outside, Detective Linzmeyer searched the bedroom of my home without consent." (Petitioner's Brief at 14). The petitioner's assertion that he did not give consent to search is not, however, inconsistent with a determination that consent was given. The police officers indicate that the petitioner's fiancé gave consent to search the petitioner's residence. The petitioner again references Detective Linzmeyer's memo book to show that the search was conducted prior to consent. As previously discussed, Detective Linzmeyer's memo book alone does not establish that the search of the plaintiff's residence took place prior to his fiance's consent.

The petitioner further maintains that "witnesses" mentioned crimes that were not charged in the presence of the jury. He asserts that trial counsel failed to object to this testimony and have such testimony stricken from the record, even though such testimony was prohibited by the court's order on a motion in limine.

A court's review of trial counsel's performance is "highly deferential." United States v. Meyer, 234 F.3d 319, 324 (7th Cir. 2000). "Because of the difficulties inherent in making [an evaluation of effective assistance of counsel], a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged actions 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689.

- 17 -

No <u>Machner</u>[4] hearing was conducted in this case and, therefore, there is no testimony by trial counsel regarding trial strategy.  However, challenging or objecting to prohibited testimony may not always be the best strategy.  Rather, it may be good trial strategy not to object to prohibited testimony because an objection emphasizes the testimony.  Something that may or may not have registered with the jury will get repeated and will be remembered.  Moreover, in this case, the testimony at issue had already concluded prior to the defense or prosecution realizing that the description of the robbery suspect the witness recited was from a later robbery that was not charged.  Thus, there was little opportunity for trial counsel to object and, in fact, the petitioner admits that trial counsel filed a motion for mistrial at the conclusion of the state's case.  The court denied the motion.

Finally, the petitioner asserts that his trial counsel withheld information as to counsel's mental status prior to trial.  However, although there were concerns about counsel's mental health raised by the prosecutor, it ended up being more of a misunderstanding than anything else.  Counsel had made a comment to the trial judge's clerk that he had wanted to commit suicide.  After the on-the-record discussion between the court, the prosecutor and defense counsel, defense counsel assured the court that he was on medication, felt fine and had no reason to be concerned about his ability to try the case.  (Submission of Transcripts, Tab 37 at 11).  Trial counsel also indicated the comment was not serious and he retracted it.

Postconviction/appellate counsel addressed this issue in the no-merit report, pointing out that the transcript revealed that trial counsel informed the court the next day (in the petitioner's presence) that he had discussed the matter with the petitioner.  (Answer, Exh. H at 9).  The

---

[4]<u>State v. Machner</u>, 92 Wis.2d 797, 285 N.W.2d 905 (Wi. Ct. App. 1979).

record, then, supports a conclusion that the petitioner's trial counsel informed him of what occurred in chambers out of his presence and that the petitioner's trial counsel's mental stability was not seriously at issue.

Accordingly, the petitioner has failed to show that his trial counsel "made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Furthermore, the decision not to object to the witnesses' testimony regarding uncharged offenses may have been a strategic decision and "[u]nder *Strickland*, lawyers are granted wide latitude to make reasonable strategic decisions." Washington v. Smith, 219 F.3d at 629-30. Accordingly, the court concludes that the petitioner failed to establish that his trial counsel rendered ineffective assistance of counsel. Therefore, the court concludes that the petitioner's petition for a writ of habeas corpus based on ineffective assistance of trial counsel must be denied. It follows then that the petitioner failed to establish his postconviction/appellate counsel rendered effective assistance of counsel in failing to argue trial counsel's ineffectiveness.

### ORDER

**NOW, THEREFORE, IT IS ORDERED** that Michael Turner, the current Warden of the Waupun Correctional Institution, Waupun, Wisconsin, be and hereby is automatically **substituted** as the defendant in this action in place of former Warden Gary R. McCaughtry.

**IT IS FURTHER ORDERED** that the petitioner's petition for a writ of habeas corpus be and hereby is **denied**.

- 19 -

**IT IS ALSO ORDERED** that this action be and hereby is **dismissed**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge